BOLIN, Judge.
Colvert Eugene Peoples brings this direct action against Hartford Accident and Indemnity Company for property damage to Peoples’ vehicle resulting from an automobile collision between Peoples’ car and a vehicle insured by Hartford driven by Matilda Martin. Hartford answered denying the accident was caused by the negligence of its insured, alternatively pleading contributory negligence against plaintiff. A reconventional demand was also filed by Hartford and the named insured seeking recovery for the damages caused to the insured’s vehicle. The amount of damages to both vehicles was stipulated.
For written reasons the trial judge found the accident was caused solely by plaintiff’s negligence. Plaintiff appeals from the judgment rejecting his demands and awarding Hartford and its insured their recon-ventional demands. We reverse and render judgment in favor of plaintiff.
The versions of the accident as given by the drivers of the two vehicles involved in the accident are irreconcilable. The primary question on appeal is whether there is sufficient evidence to affirm the judgment of the lower court.
The accident occurred on a rainy night on a four-lane black-topped road in Mansfield, Louisiana. Peoples alleged and testified he was traveling south driving his *428 Toyota automobile at a lawful rate of speed in the outside or extreme right lane when a Chevrolet automobile owned by defendant’s insured, being operated by Matilda Martin, a 16-year-old girl, with the insured’s consent, suddenly turned right from the inside lane in front of Peoples’ Toyota; that Peoples immediately applied his brakes, remained in his own lane of travel and struck the Chevrolet on its right rear side.
Plaintiff’s version of the accident was corroborated by the testimony and police report of a city police officer who investigated the accident. This officer testified he arrived on the scene shortly after the accident, observed the location of the vehicles and talked to both drivers. He said Peoples’ Toyota had apparently not been moved since the impact; that it was located entirely in the extreme outside or right lane; that the damage to this vehicle was principally to the left portion of the bumper; that the damage to the insured’s Chevrolet was to the right rear side; that the impact had caused the Chevrolet to spin around and come to rest headed north. Without objection the police report was introduced into evidence and the officer was permitted to give opinion testimony and to tell what various witnesses told him at the scene of the accident.
Plaintiff’s account of the accident was also corroborated to some extent by two deputy sheriffs who arrived while the city police officer was making his investigation. These two deputies testified the damage to the two automobiles was the same as testified to by the city police officer.
The driver of the Chevrolet testified she was proceeding south in the outside lane and when she attempted a right turn to enter the parking area of a nearby restaurant her automobile was struck from the rear by Peoples’ Toyota. Her version, which was corroborated by the other two occupants of the Chevrolet, was adopted by the trial judge.
In his written reasons the trial judge found the defendant driver had engaged the right blinker light on her automobile one block before making her right turn into the restaurant; that she had almost completed her turn when the right rear of her vehicle was struck by the left front of plaintiff’s car. He further found the plaintiff’s vehicle was traveling at an excessive rate of speed and literally “ran over” the Chevrolet as its driver attempted to execute a righthand turn.
We are hesitant to overrule the judgment of a trial court where the decision is predicated largely upon the credibility of witnesses; however, we do not find this case presents solely a credibility question. From our careful analysis of the testimony, the police report, the photograph of the Chevrolet and the estimate reflecting the location and extent of the damage to plaintiff’s car, we are unable to find any evidence to support the Chevrolet driver’s version of how the accident happened.
The evidence establishes that Peoples’ Toyota was at all times in the outside lane prior to the accident and at the time of the impact. If the Chevrolet driver was traveling in the outside lane when she began her right turn, we can conceive of no way plaintiff’s Toyota could have struck the right rear of the Chevrolet with the left front bumper of the Toyota since plaintiff’s vehicle remained in the outside lane.
Considering all of the evidence in the light most favorable to the defendant, we find the overwhelming weight of the evidence supports the plaintiff’s version that defendant driver turned right from the inside lane directly in front of plaintiff’s vehicle, causing the left front bumper of plaintiff’s vehicle to strike the right rear side of the defendant vehicle. Based upon this finding, we conclude the accident was caused entirely by the negligence of the defendant driver.
The judgment of the lower court is reversed and it is now ordered, adjudged and *429 decreed there be judgment in favor of Colvert Eugene Peoples and against Hartford Accident and' Indemnity Company, in the sum of $602.52, together with legal interest thereon from judicial demand until paid, and all costs.